HUNTER, Respondent, vs. BARRONETT STATE BANK, Appellant.

*January 15—February 10, 1931.*

The cause was submitted for the appellant on the brief of *Claude Doyle* of Cumberland, attorney, and *W. H. McDonald* of Minneapolis of counsel, and for the respondent on that of *Fuller & Lampson* of Cumberland.

OWEN, J. On and prior to the 10th day of October, 1921, the Barronett State Bank owned and held the unsecured notes of one August E. Johnson, aggregating $758, exclusive of interest. Except one note for $50, all were renewals of prior notes. The plaintiff was a depositor and customer of said bank. She had a small amount of money which she loaned from time to time. Some time prior to October 10, 1921, the cashier of defendant bank requested or suggested that she loan to August C. Johnson the sum of $1,000, secured by a real-estate mortgage upon eighty

acres of wild land in Barron county, which at that time was worth not to exceed $1,000. The plaintiff had a mere social acquaintance with Johnson and knew nothing of his financial responsibility. The cashier of the bank assured her that the security was of the very best, and that, in addition, the bank itself would guarantee the paper. The plaintiff made the loan to Johnson, and the trial court found that in doing so she relied upon the guaranty of the bank, and that she would not have made it but for such guaranty. After making the loan Johnson left the state, and plaintiff has been unable to realize anything upon her mortgage. Although at the request of the bank she turned the note and mortgage over to it to enable it to secure payment or collection of the loan, efforts in that behalf seem to have been unavailing. This action is brought to recover on the bank's guaranty of payment written on the back of the note at the time it was delivered to the plaintiff.

The bank defends on the ground that it did not authorize the guaranty and that it is *ultra vires* and void. While the act of the cashier in placing the guaranty on the back of the note was not authorized by any vote or act of the stockholders or directors of the bank, the cashier was the active managing officer of the bank, the indorsement was made for the benefit of the bank, and the bank was benefited by the guaranty, as will be shown. These facts were found by the trial court upon sufficient evidence and, under the circumstances, the bank cannot avoid payment on the ground that the cashier was not authorized to place the guaranty of the bank on the back of the note.

It is well settled that banks may not lend their credit or become liable as accommodation indorsers. *American Exp. Co. v. Citizens State Bank,* 181 Wis. 172, 194 N. W. 427; *Best v. State Bank of Bruce,* 197 Wis. 20, 221 N. W. 379. While in form the guaranty of the bank in this case

was a mere extension of its credit or an accommodation indorsement of the note, such was not the substance of the transaction. Johnson owed the bank an amount nearly equal to the amount of plaintiff's loan. The bank in its effort to realize cash on these unsecured notes might have taken Johnson's note and mortgage running to itself and transferred it to the plaintiff or any other person. Its indorsement of the note would have been within the scope of its powers (see cases above cited), and it would have been liable thereon. In such case the act of the cashier would unquestionably have been the act of the bank. For reasons sufficient to itself it saw fit to have Johnson make the note and mortgage directly to the plaintiff, itself guaranteeing the payment of the note. The bank arranged the transaction, it procured the note and mortgage from Johnson, and it delivered them to the plaintiff. The plaintiff paid the bank the amount loaned. The bank deposited that loan to the credit of Johnson and immediately charged Johnson with the amount of the notes which it held against him,—those which were not as well as those which were due. The bank, therefore, received the benefit of this transaction as fully as it would have if Johnson had executed the note and mortgage directly to the bank. That under such circumstances the bank is estopped to claim that the act is *ultra vires* is held by the great weight of authority and, especially, by this court. *American Exp. Co. v. Citizens State Bank,* 181 Wis. 172, 194 N. W. 427. The authorities were so fully reviewed in that case that nothing further need be said. The bank was benefited by the plaintiff's loan. It enjoyed nearly the entire fruits of the transaction. Although in form its guaranty constituted a mere lending of its credit, in substance it was a collection of notes owned and held by it of doubtful value. It was estopped from claiming its guaranty to be an *ultra vires* act.

*By the Court.*—Judgment affirmed.